**UNITED STATES v. CORONA COAL CO.**

Circuit Court of Appeals, Fifth Circuit.
January 25, 1928.

No. 5212.

1. **Internal revenue** ⚖=7(17), 9(27)—**Cost of opening shafts in coal mines held deductible on income and excess profits return for 1918 (Revenue Act 1918, § 234, subd. [a], par. 8 [Comp. St. § 6336⅛pp]).**

Coal company was entitled to deduct, on its income and excess profits taxes returns for year 1918, cost of opening shafts in its coal mines under provisions of Revenue Act 1918, § 234, subd. (a), par. 8 (Comp. St. § 6336⅛pp), allowing reasonable deduction for amortization of cost of "buildings. machinery, equipment or other facilities constructed, erected, installed or acquired on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war."

2. **Evidence** ⚖=18—**It is notorious that work constructed during war period, involving employment of labor and use of materials, depreciated in value after war.**

It is notorious that any work constructed during war period, involving employment of labor and use of materials, was very much more expensive than if done before, and very materially depreciated in value after, war.

3. **Internal revenue** ⚖=7(17), 9(27)—**Words "building, machinery and equipment" do not restrict meaning of "other facilities" in Revenue Act provision relating to deductions (Revenue Act 1918, § 234, subd. [a], par. 8 [Comp. St. § 6336⅛pp]).**

Under Revenue Act 1918, § 234, subd. (a), par. 8 (Comp. St. § 6336⅛pp), allowing reasonable deduction for amortization of cost of "buildings, machinery, equipment or other facilities constructed, erected, installed or acquired on or after April 6, 1917, for production of articles contributing to prosecution of present war," in allowing deduction as to "other facilities" it was not intended to restrict meaning of "facilities" by preceding words "buildings, machinery and equipment."

[Ed. Note.—For other definitions, see Words and Phrases, Building (in Revenue Laws).]

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit by the Corona Coal Company against the United States. Judgment for plaintiff (21 F.[2d] 489), and the United States brings error. Affirmed.

J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala., and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Charles B. Kennamer, U. S. Atty., of Birmingham, Ala., C. M. Charest, Gen. Counsel Bureau of Internal Revenue, C. T. Brown, Sp. Atty. Internal Revenue, and Charles T. Hendler, Sp. Atty. Internal Revenue, all of Washington, D. C., on the brief), for the United States.

23 F.(2d)—43

William B. White and Wm. Douglas Arant, both of Birmingham, Ala. (Bradley, Baldwin, All & White, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error brought suit in the District Court, under the provisions of the Tucker Act (now section 24, par. 20, Judicial Code [28 USCA § 41, par. 20]), to recover certain taxes alleged to have been erroneously assessed and collected, and was awarded judgment in the sum of $11,073.14. The only question presented is whether plaintiff was entitled to deduct on its income and excess profits taxes returns for the year 1918 the cost of opening two shafts in its coal mines, under the provisions of section 234 (a) (8) of the Revenue Act of 1918 (Comp. St. § 6336⅛pp), which allows a reasonable deduction for amortization of the cost of "buildings, machinery, equipment or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war."

It is contended by the government that plaintiff cannot bring the deductions sought to be made within either the letter or spirit of the statute for the following reasons: That plaintiff's business was and always has been the mining and production of coal; that the opening of the shafts was as necessary for its peace time business as for the production of coal during the war; that the same amount of coal would have been produced, if the war had not occurred; that the intent of Congress in adopting the statute was to provide a reasonable deduction to cover the loss in usable value of buildings, machinery, equipment, and other facilities caused by the cessation of the war; that the statute should be strictly construed against the taxpayer as awarding a special privilege; and that the rule of ejusdem generis should be applied in its construction.

[1-3] In a well-considered opinion, which recites the undisputed material facts, the District Court held against these contentions. See Corona Coal Co. v. U. S., 21 F.(2d) 489. We agree with the conclusions of the District Court. The construction sought to be given the statute by the government is entirely too narrow. It is notorious that any work constructed during the war period, involving the employment of labor and the use of materials, was very much more expensive than if done before and very ma-

terially depreciated in value after, the war. The intention of Congress to encourage the production of articles useful in prosecuting the war can be very clearly deduced from the statute. It is also clear that, in allowing a deduction as to "other facilities," it was not intended to restrict the meaning of "facilities" by the preceding words, "buildings, machinery, equipment," but rather to enlarge it to take in anything and everything contributing to the general result of winning the war.

Affirmed.